## Kressley v. Atlantic-Richfield Company

*Sheridan P. Hunt, Jr.,* and *Shapiro B. Bressler,* for plaintiff.

*Meyer E. Maurer* of *Wexler, Weisman, Maurer & Forman,* for defendant.

BRADLEY, J., December 20, 1971.—On December 1, 1971, this court entered an order dismissing count

II of plaintiff's complaint in assumpsit based on the usury statute of May 28, 1858, P. L. 622, as amended, 41 PS §3, and since it appeared that there was not proper venue in Philadelphia County with respect to count I of the complaint based on the Goods and Services Installment Sales Act of October 28, 1966 (Spec. Sess.) P. L. 55, 69 PS §1101, et seq., plaintiff was given 15 days leave to file an amended complaint setting forth sufficient allegations to establish proper venue in Philadelphia County.

The 15-day period to amend the complaint has expired and plaintiff has conceded that he cannot make the averments necessary to establish proper venue in Philadelphia County under the Goods and Services Installment Sales Act as interpreted by this court. However, such venue does lie in Chester County, and venue for count II of the complaint based on the usury statute also lies in Chester County.

It thus appears that the only county in which both counts of the complaint can be heard is Chester County, and plaintiff has accordingly petitioned that the entire action be transferred to the Court of Common Pleas there.

In order that the parties need not maintain separate actions in two counties, the order of December 1, 1971, will be withdrawn and vacated, and the entire action will be transferred to the Court of Common Pleas of Chester County pursuant to Pennsylvania Rules of Civil Procedure 1006(d) and 1006(e).

## ORDER

And now, December 20, 1971, the order of December 1, 1971, is withdrawn and vacated, and the entire action is transferred to the Court of Common Pleas of Chester County pursuant to Pennsylvania Rules of Civil Procedure 1006(d) and 1006(e).